# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA ex rel. ROBERT EDWARD HAGER and ANDREW J. LUDEL, qui tam plaintiffs, on behalf of real parties in interest, WASHOE COUNTY, CLARK COUNTY, HUMBOLDT COUNTY, STOREY COUNTY, PERSHING COUNTY, CHURCHILL COUNTY, CITY AND COUNTY OF CARSON CITY, ESMERALDA COUNTY, WHITE PINE COUNTY, LYON COUNTY, ELKO COUNTY, NYE COUNTY, MINERAL COUNTY, LANDER COUNTY, EUREKA COUNTY, LINCOLN COUNTY, DOUGLAS COUNTY and STATE OF NEVADA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS SERVICING, LP, et al.,<br>Defendants. | 3:10-cv-419-RCJ-PAL<br><br>**ORDER** |

Currently before the Court is a Motion to Remand (#94) filed by *qui tam* plaintiffs Robert Edward Hager and Andrew J. Ludel ("Plaintiffs"). The Court heard oral argument on the motion on January 18, 2011.

## BACKGROUND

Plaintiffs filed a Third Amended Complaint (the "Complaint") against numerous banks and mortgage companies and specifically named the Federal National Mortgage Association ("Fannie Mae") as a defendant. (*See* Complaint (#1-1) at 79-80). In their complaint, Plaintiffs seek to recover treble damages and liquidated penalties pursuant to Nevada's False Claims

Act, NRS §§ 357.080 and 357.040(1)(g)&(h), because the defendants used false records or statements in order to conceal, avoid, or decrease obligations to pay all required documentary transfer taxes for the transfer of title or interests in real property in the State of Nevada and its counties. (*Id.* at 81, 83, 88-89). Plaintiffs allege that defendants were jointly and severally liable in their capacities as buyer and seller, pursuant to NRS § 375.030(2), because there was no exemption listed in NRS § 375.090 that insulated them from liability for the payment of transfer taxes.[1] (*Id.* at 83). Throughout the complaint, Plaintiffs allege that Fannie Mae made false statements or intentionally misrepresented that it was a tax-exempt government entity or government agency. (*Id.* at 84 (¶ 7), 86 (¶¶ 17-18), 88 (¶ 22)).

Defendant Fannie Mae and the Federal Housing Finance Agency ("FHFA"), as conservator and intervenor[2] of Fannie Mae, filed a Notice of Removal. (Pet. for Removal (#1)). In their notice, they argued that: (a) the FHFA was a federal agency with an unconditional right to removal; (b) this Court had original jurisdiction based on Fannie Mae's federal charter; and (c) this Court had original jurisdiction based on questions of federal law. (*Id.* at 4-6). Plaintiffs filed the current motion to remand. (Mot. to Remand (#94)).

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C § 1441(a). The district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The proper procedure for challenging removal is a motion to remand, and a federal court must order remand if there is any defect which causes federal subject matter jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). The burden of

---

[1] Nevada Revised Statute § 375.090(2) provides a transfer tax exemption to "the United States, any territory or state or any agency, department, instrumentality or political subdivision thereof."

[2] This Court granted the FHFA's motion to intervene as the conservator for Fannie Mae. (*See* Mot. to Intervene (#2); Order (#84)).

2

establishing removal jurisdiction is on the proponent of federal jurisdiction. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (noting that the "long-standing, near canonical rule" is that the proponent of federal jurisdiction has the burden of establishing removal jurisdiction).

## DISCUSSION

Fannie Mae contends that its federal charter, 12 U.S.C. § 1723a(a), confers original federal subject matter jurisdiction on this Court and relies on *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779 (D.C. Cir. 2008) to support its argument. Fannie Mae's charter, pursuant to 12 U.S.C. § 1723a, states that it has the power "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a).

In *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), the Supreme Court held that the Red Cross's charter provision that authorized it "to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States" conferred original jurisdiction on federal courts over all cases in which the Red Cross was a party. *Id.* at 248, 112 S.Ct. at 2467. The Supreme Court held that the Red Cross was authorized to remove from state to federal court any state-law action it was defending. *Id.*

In *Pirelli*, the D.C. Circuit, applying the *Red Cross* rule, held that Fannie Mae's sue-and-be-sued clause conferred federal subject matter jurisdiction. 534 F.3d at 788. The D.C. Circuit recognized the difference between the two charters, noting that the Red Cross's charter stated "courts of law and equity, State or Federal" and Fannie Mae's stated "any court of competent jurisdiction, State or Federal." *Id.* at 784. The circuit court found that federal jurisdiction existed because Fannie Mae's "sued and be sued" provision expressly referred to "the federal courts in a manner similar to the Red Cross statute." *Id.* The circuit court disagreed with the district courts that found that applying the *Red Cross* rule to Fannie Mae rendered the words "'of competent jurisdiction' superfluous." *Id.* at 785. The circuit court held that the words "of competent jurisdiction" were not rendered meaningless in the charter because they helped clarify that: (i) litigants in state courts of limited jurisdiction must satisfy the appropriate

jurisdictional requirements; (ii) litigants, whether in federal or state court, must establish that court's personal jurisdiction over the parties; and (iii) litigants relying on the "sue-and-be-sued" provision can sue in federal district courts but not necessarily in all federal courts. *Id.*

In contrast, the district court in *Rincon Del Sol, LLC v. Lloyd's of London*, 709 F.Supp.2d 517 (S.D. Tex. 2010), found that Fannie Mae's charter did not work to confer original subject matter jurisdiction upon the federal courts. *Id.* at 525. That court found that Fannie Mae's "of competent jurisdiction" language was significant and distinguished it from the provision in the Red Cross's charter. *Id.* at 523. The court, agreeing with *Knuckles v. RBMC, Inc.*, 481 F.Supp.2d 559 (S.D. W.Va. 2007), found that "for the phrase 'any court of competent jurisdiction' to have any meaning it should be read as differentiating between state and federal courts that possess 'competent' jurisdiction, i.e., an independent basis for jurisdiction, from those that do not." *Id.* at 524-25. The court concluded that the "federal forum would be appropriate if there existed an independent basis of jurisdiction." *Id.* at 525.

This Court, being cognizant that neither the Supreme Court nor the Ninth Circuit has addressed whether Fannie Mae's charter confers federal subject matter jurisdiction, finds *Pirelli* unpersuasive. This Court agrees with the *Rincon* court that Fannie Mae's charter, 12 U.S.C. § 1723a(a), neither confers nor creates subject matter jurisdiction in the federal courts.

However, this Court finds that federal subject matter jurisdiction does exist independently on other grounds. First, the Court finds that FHFA, as conservator for Fannie Mae and as an intervenor in this case, is a federal agency with the right to remove. *See* 12 U.S.C. § 4511(a) (providing that the FHFA is an "independent agency of the Federal Government" which has authority over Fannie Mae); 12 U.S.C. § 4617(b)(11)(B)(i) (providing that in the event of any appealable judgment, the Agency as conservator "shall have all of the rights and remedies available to the regulated entity (before the appointment of such conservator or receiver) and the Agency, including removal to Federal court and all appellate rights"); 28 U.S.C. § 1442(a)(1) (providing that a "civil action or criminal prosecution commenced in a State court against [the United States or any agency thereof] may be removed by them to the district court of the United States").

Second, the Court finds that federal questions exist because interpretation of federal law is necessary to the adjudication of Plaintiffs' state law claims. In *Grable v. Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), the Supreme Court held that "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.* at 312, 125 S.Ct. at 2367. The Supreme Court recognized that, although the state law may provide a cause of action, federal-question jurisdiction may arise because the principal issue in the case depends upon construction or application of federal law. *Id.* at 312-13, 125 S.Ct. at 2367.

In this case, Plaintiffs' cause of action depends on whether Fannie Mae falsely claimed it was a government agency, department, or instrumentality exempt from taxes. In order to determine whether Fannie Mae is a government entity, a court would have to interpret federal law and examine Fannie Mae's federal charter and the explicit federal provision exempting it from taxation. *See* 12 U.S.C. § 1723a(a), (c). The federal exemption, 12 U.S.C. § 1723a(c), states in full:

> (1) The Association, including its franchise, capital, reserves, surplus, mortgages or other security holdings, and income *shall be exempt from all taxation* now or hereafter imposed by the United States, by any territory, dependency, or possession thereof, or *by any State, county, municipality, or local taxing authority*, except that any real property of the Association shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed.
>
> (2) The corporation, including its franchise, capital, reserves, surplus, mortgages or other security holdings, and income, *shall be exempt from all taxation* now or hereafter imposed *by any State*, territory, possession, Commonwealth, or dependency of the United States, or by the District of Columbia, or *by any county, municipality, or local taxing authority*, except that any real property of the corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent as other real property is taxed.

12 U.S.C. § 1723(c)(1)-(2) (emphasis added). Therefore, federal subject matter jurisdiction exists because in order to proceed to any state-law claim against Fannie Mae a court will first have to construe federal law. *See Grable*, 544 U.S. at 312-13, 125 S.Ct. at 2367. Accordingly, the Court finds that federal subject matter jurisdiction exists and denies Plaintiffs' motion to remand.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Remand (#94) is DENIED.

DATED: This 4th day of February, 2011.

_R. Jones_
United States District Judge