# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STATE OF NEVADA ex rel. ROBERT
EDWARD HAGER and ANDREW J. LUDEL,
*qui tam* plaintiffs, *et al.*,

   Plaintiffs,

v.

COUNTRYWIDE HOME LOANS
SERVICING, LP; *et al.*,

   Defendants.
_____

3:10-cv-419-RCJ-PAL

**ORDER**

This case involves a *qui tam* action filed by Robert E. Hager and Andrew Ludel ("Plaintiffs") on behalf of the State of Nevada and all seventeen counties in the State. The Nevada Attorney General has declined to intervene in this case. Plaintiffs filed a complaint against more than 40 defendants, most of whom are financial institutions. Currently before the Court is Plaintiffs' Motion for an Order to Certify State Law Question to the Nevada Supreme Court (#335).

## DISCUSSION

In response to the complaint, Defendants filed multiple motions to dismiss. The Court scheduled oral argument for August 29, 2011. Without the approval of the Court, Plaintiffs' attorneys called the Defendants and told the Defendants that the hearing had been continued. At the hearing, the Court found that the parties had waived oral argument and had submitted their motions on the briefs. (*See* Order (#349) at 1). On August 30, 2011, Plaintiffs filed the pending motion for an order to certify state law question to the Nevada Supreme Court. (Mot. to Certify (#335)).

On September 16, 2011, this Court issued an order granting Defendants' motions to dismiss and their respective joinders in their entirety as to all claims without leave to amend. (Order (#349) at 12). The Clerk of the Court entered judgment on September 19, 2011. (Judgment (#352)). On October 17, 2011, Plaintiffs filed a notice of appeal from this Court's September 16th order and September 19th judgment. (Notice of Appeal (#361)).

This Court finds that it lacks jurisdiction to rule on the pending Motion for an Order to Certify State Law Question to the Nevada Supreme Court (#335). *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (holding that "[w]hen a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court"). The Court finds that the proposed question[1] to certify addresses matters on appeal to the Ninth Circuit because it questions this Court's interpretation of the False Claims Act. (*See* Mot. to Certify (#335) at 1). As such, this Court lacks jurisdiction to rule on the motion to certify. This Court notes that, pursuant to Nevada Rule of Appellate Procedure 5(a), Plaintiffs may file a motion to certify a question of state law with the Ninth Circuit. Nev. R. App. P. 5(a) (stating that the Nevada Supreme Court may answer questions of law certified by a Court of Appeals of the United States).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion for an Order to Certify State Law Question to the Nevada Supreme Court (#335) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that oral argument set for Tuesday, December 6, 2011 is VACATED.

DATED: This  21st  day of October, 2011.

_____
United States District Judge

---

[1] Plaintiffs seek to certify the following question to the Nevada Supreme Court: "Under the Nevada False Claims Act, whether a person who discovers false statements in a recorded document in Nevada is barred from being a Relator under NRS § 357.100(1) due to public disclosure of other documents which do not include any mention of those false statements?" (Mot. to Certify (#335) at 1).