# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA *ex rel.* ROBERT EDWARD HAGER and ANDREW J. LUDEL, *qui tam* plaintiffs,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS SERVICING, LP, et al.,<br><br>    Defendants. | 3:10-cv-419-RCJ-PAL<br><br>**ORDER** |

Currently before the Court are Plaintiffs' Motion for Relief from Judgment Pursuant to FRCP 60(b)(1) and Request for Indicative Ruling Pursuant to FRCP 62.1 (#370) and the FHFA's Motion for Leave to File Response to Plaintiffs' Notice of Supplemental Authority (#387).

## BACKGROUND

This case involves a *qui tam* action filed by Robert E. Hager and Andrew Ludel ("Plaintiffs") on behalf of the State of Nevada and all seventeen counties in the State. Plaintiffs filed a complaint against more than 40 defendants, most of whom are financial institutions

### I.    Complaint

On July 9, 2010, Defendants Federal National Mortgage Association ("Fannie Mae") and Intervenor Federal Housing Finance Agency ("FHFA") filed a petition of removal to this Court and attached Plaintiffs' Third Amended Complaint ("TAC"), the operative complaint. (Pet. for Removal (#1) at 1; TAC (#1-1) at 79-89). The TAC, originally filed in the Third Judicial District Court in and for the County of Churchill, stated the following.  (TAC (#1-1) at 79).

Plaintiffs sought recovery pursuant to Nevada's False Claims Act, NRS Chapter 357. (*Id.* at 81). Hager, a law student, and Ludel, a person "who ha[d] worked in the mortgage business" through research "jointly discovered" that Defendants "were and are making, using and causing to be made and used false statements to defraud the State and its Counties of required transfer taxes." (*Id.*). Defendants were obligated to pay transfer taxes and they were jointly and severally liable in their capacities as buyer and seller, pursuant to NRS § 375.030(2). (*Id.* at 83). There was no exemption that insulated Defendants from paying transfer taxes. (*Id.*). "Each of the defendants repeatedly filed fraudulent forms indicating no transfer tax was owing, or alternatively, filed forms which resulted in the underpayment of the transfer tax." (*Id.*). By failing to pay the transfer taxes, Defendants defrauded the State of Nevada and its counties. (*Id.*). Plaintiffs brought the action pursuant to NRS § 357.080 for violations of NRS § 357.040(1)(g)&(h). (*Id.*). Defendants "collectively and individually, knowingly, intentionally, or with reckless disregard . . . with *scienter* required by Chapter 357 made . . . false records and statements to conceal, and avoid and/or decrease their obligations to pay transfer taxes." (*Id.* at 83-84). The false statements were made in the "State of Nevada Declaration of Value" form "in the record of the various County Recorders that Freddie Mac and/or defendant Fannie Mae were and are a tax-exempt 'Government Entity' or 'Government Agency.'" (*Id.* at 84).

The complaint allege[d] that "Defendants ha[d] engaged in thousands of sales and transfers of title of real property in the State" and were obligated to pay transfer taxes as transferor/seller and or transferee/buyer but completely or partially avoided payment of those taxes. (*Id.*). Several specified Defendants had identified themselves as the foreclosing beneficiary on the trustee's deeds upon sale as the seller (grantor) on the State of Nevada Declaration of Value form. (*Id.* at 84-85). Those Defendants were neither the beneficiary nor the seller/grantor but instead acted as agents for the remaining specified Defendants and made false statements to avoid or decrease transfer taxes. (*Id.* at 85). Defendant Fannie Mae made false statements in the Declaration of Value forms by intentionally misrepresenting to the State that it was a government agency exempt from conveyance or transfer taxes. (*Id.* at

86). Plaintiffs alleged that "[d]uring the five years immediately preceding the filing of the original complaint, and since that time, each of the defendants did not pay the required transfer or conveyance taxes . . . used false representations in order to avoid paying in full those required taxes." (*Id.*). Plaintiffs sought various monetary damages and liquidated penalties. (*Id.* at 87-89). Plaintiffs alleged that on July 1, 2006, Washoe County's transfer tax rate increased to $1.25 on each $500 value and that Defendants had made false statements regarding the amount of transfer tax due in Washoe County. (*Id.* at 88).

## II. Dismissal Order

On September 16, 2011, this Court issued an order granting Defendants' motions to dismiss and their respective joinders in their entirety as to all claims without leave to amend. (Order (#349) at 12). This Court found that Fannie Mae was not a federal instrumentality for taxation purposes. (*Id.* at 5). However, the Court found that, while under conservatorship with the Federal Housing Finance Agency ("FHFA"), Fannie Mae was statutorily exempt from taxes, penalties, and fines to the same extent that the FHFA was. (*Id.* at 8). The Court dismissed the TAC in its entirety because Plaintiffs had failed to plead their False Claims Act claims with Fed. R. Civ. P. 9(b) particularity. (*Id.* at 10). The Court dismissed the TAC without leave to amend because it found that Plaintiffs did not have direct and independent information of the contents in the State of Nevada Declaration of Value forms because none of the Plaintiffs had filled out the forms. (*Id.* at 11). The Court found that Plaintiffs were not original sources of information and dismissed for lack of statutory jurisdiction pursuant to NRS § 357.100(1). (*Id.* at 10-11). The Court found that, pursuant to NRS § 357.130(2) the Attorney General was the only person permitted to bring a lawsuit under Nevada's False Claims Act based on the allegations in the TAC. (*Id.* at 11). The Court dismissed the *qui tam* action with prejudice. (*Id.*).

On September 19, 2011, the Clerk of the Court entered judgment in this case. (Judgment (#352)). On October 17, 2011, Plaintiffs filed a notice of appeal. (Notice of Appeal (#361)). The pending motions now follow.

3

## DISCUSSION

**I.  Plaintiffs' Motion for Relief from Judgment Pursuant to FRCP 60(b)(1) and Request for Indicative Ruling Pursuant to FRCP 62.1 (#370)**

Plaintiffs seek an indicative ruling from this Court that it would grant their Rule 60(b)(1) motion if the Ninth Circuit were to remand for that purpose.  (Mot. for Relief (#370) at 2). Plaintiffs  believe that this Court made a clear mistake of law when it stated that "while under conservatorship with the FHFA, [Fannie Mae] is statutorily exempt from taxes, penalties, and fines to the same extent that the FHFA is." (*Id.* at 4).

FHFA and Fannie Mae filed an opposition and Plaintiffs filed a reply. (Opp'n to Mot. for Relief (#371) ; Reply to Mot. for Relief (#374)).

Federal Rule of Civil Procedure 62.1 provides that when the district court lacks authority to grant a motion for relief because of a pending appeal, the district court may defer considering the motion, deny the motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(1)-(3).  If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must notify the circuit clerk and, upon remand, the district court "may decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(b), (c).

In this case, the Court denies the motion for an indicative ruling (#370) and let Plaintiffs raise this issue before the Ninth Circuit.  Even if this Court were to address Plaintiffs' proposed Rule 60(b) motion, the Court's dismissal with prejudice would not change because the Court found that it lacked statutory jurisdiction over the action regardless of whether Fannie Mae was statutorily exempt from taxes.  As such, the Court denies the motion (#370).

**II. FHFA's Motion for Leave to File Response to Plaintiffs' Notice of Supplemental Authority (#387)**

On March 27, 2012, Plaintiffs filed a notice of supplemental authority in support of their motion for an indicative ruling. (*See* Notice of Supp. Authority (#386)).  FHFA and Fannie Mae now move for leave to file a response to Plaintiff's notice of supplemental authority.  (Mot. for Leave (#387)).   The Court denies the motion for leave as moot (#387) because the Court

4

denies the motion for an indicative ruling as discussed above.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion for Relief from Judgment Pursuant to FRCP 60(b)(1) and Request for Indicative Ruling Pursuant to FRCP 62.1 (#370) is DENIED.

IT IS FURTHER ORDERED that the FHFA's Motion for Leave to File Response to Plaintiffs' Notice of Supplemental Authority (#387) is DENIED as moot.

DATED: This 6th day of July, 2012.

_____
United States District Judge